**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000617
18-JAN-2013
08:28 AM**

NO. CAAP-12-0000617

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WELLS FARGO BANK, N.A. as Trustee for
Option One Mortgage Loan Trust 2007-4
Asset Backed Certificates, Series 2007-4,
Plaintiff-Appellant,
v.
DANIEL TSUKASA OMIYA; ASSOCIATION OF
APARTMENT OWNERS OF ILIKAI APARTMENT BUILDING,
Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20;
DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20,
and DOE GOVERNMENTAL UNITS 1-20

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-2345)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we do not have jurisdiction over this appeal that Plaintiff-Appellant Wells Fargo Bank, N.S. as Trustee for Option One Mortgage Loan Trust 2007-4 Asset Backed Certificates, Series 2007-4 (Appellant Wells Fargo), has asserted from the Honorable Edwin C. Nacino's June 6, 2012 judgment, because the June 6, 2012

judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011), Rules 54(b) and 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (original emphasis). The finding necessary for certification is "an express determination that there is no just reason for delay . . . for the entry of judgment." HRCP Rule 54(b). Therefore, when a party seeks appellate review of an order that adjudicates one or more but fewer than all of the claims, the "party cannot appeal from [the] circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994) (emphasis added).

The June 6, 2012 judgment purports to enter judgment in favor of Defendant/Cross-Claim Plaintiff/Appellee Daniel Tsukasa Omiya (Appellee Omiya) and against Appellant Wells Fargo, but the June 6, 2012 judgment does not resolve the remaining two sets of claims involving (1) Appellant Wells Fargo's complaint against

Defendant/Cross-Claim Defendant/Appellee Association of Apartment Owners of Ilikai Apartment Building (Appellee AOAO Ilikai Apartment Building) and (2) Appellee Omiya's cross-claim against Appellee AOAO Ilikai Apartment Building. Although the June 6, 2012 judgment does not resolve all claims against all parties, the June 6, 2012 judgment does <u>not</u> contain an express finding of "no just reason for delay in the entry of judgment" that is necessary for a judgment on one or more but fewer than all claims pursuant to HRCP Rule 54(b) under the eighteen-year old holding in <u>Jenkins</u>. Therefore, under the circumstances, the June 6, 2012 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in <u>Jenkins</u>. Absent an appealable final judgment in this case, Appellant Wells Fargo's appeal is premature and we lack jurisdiction over appellate court case number CAAP-12-0000617.

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000617 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, January 18, 2013.

Presiding Judge

Associate Judge

Associate Judge